UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/2022
```

DAVID JOHNSON,

        Plaintiff,

-against-

KILOLO KIJAKAZI,

        Defendant.

20-CV-2630 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motions dated September 16, 2022 (Initial Fee Mot.) (Dkt. 42) and November 29, 2022 (Suppl. Fee Mot.) (Dkt. 48), plaintiff David Johnson seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving a total award of $48,582.25 in fees to his attorney, representing 25% of the past due benefits awards payable to him and his children by the Social Security Administration (SSA) after remand in this action. Plaintiff also seeks an order directing the SSA to issue a "net fee" of $37.841.17 to Johnson's counsel, to account for the $10,739.08 in attorney's fees already paid pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons that follow, plaintiff's motion is GRANTED IN PART. The Court approves an award pursuant to § 406(b) in the amount of $48,582.25 but will not direct the SSA to issue a "net fee" to Johnson's counsel. Rather, counsel must return to his client the EAJA fees previously paid to him.[1]

**I.    BACKGROUND**

Plaintiff David Johnson applied to the SSA for disability benefits on February 8, 2013, but his application was denied. *See* Compl. (Dkt. 1) ¶¶ 7-11. Johnson retained attorney Christopher James Bowes, Esq., to file a civil action challenging the SSA's decision. *See* Declaration of

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Acting Commissioner Andrew Saul as the defendant in this action.

Christopher James Bowes (Bowes Decl.) (Dkt. 43) ¶ 7 & Ex. A (2015 Retainer Agreement). In the 2015 Retainer Agreement, Johnson:

> agree[s] that the contingency fee paid to [Bowes's] firm shall be 25% of all retroactive or past due social security disability benefits award[ed] to you and any auxiliary beneficiaries under your claim. Specifically, the amount of the payment against which the 25% contingent fee award is payable shall be against the net amount of past due disability benefits owed after all and any retirement benefits already received are offset. This contingency will be paid if you receive a fully-favorable decision, a later onset date of disability, or a closed period of disability. Said fees may include reasonable attorney[']s fees pursuant to section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) in the amount of twenty five percent (25%) of total past due benefits . . .

Bowes Decl. Ex. A, at ECF p. 11.

Johnson's first lawsuit challenging the denial of disability benefits was filed on December 18, 2015, captioned *Johnson v. Colvin*. No. 15-CV-9906 (PGG) (DCF) (S.D.N.Y.) (*Johnson I*). On May 19, 2016, the Hon. Paul G. Gardephe, United States District Judge, so-ordered a stipulation vacating the Commissioner's decision and remanding the action to the SSA for further proceedings. Stip. & Order, ECF No. 9, *Johnson I* (May 19, 2015).

On August 13, 2018, the SSA issued an unfavorable decision again denying Johnson's application for benefits, Bowes Decl. ¶ 14, and on January 23, 2020, his request for review was rejected by the Appeals Council. *Id.* ¶ 15. On March 20, 2020, Johnson again retained attorney Bowes to challenge that decision. *Id.* ¶ 16 & Ex. C (2020 Retainer Agreement), at ECF p. 16. In the 2020 Retainer Agreement, Johnson agreed to pay his attorney:

> a sum equivalent to one-quarter (i.e., 25%) of all past due benefits as compensation for his legal services. As used herein, the term "past due benefits" means:
>
>> The total amount of benefits payable under Titles II and XVI of the Social Security Act to all beneficiaries, including auxiliary beneficiaries, that has accumulated because of a favorable determination up to, but not including, the month such determination is effectuated.

2

> If the Court does not award benefits but instead remands the case to the SSA for additional administrative proceedings which result in the award of past due disability benefits by either the Appeals Council o[r] the Administrative Law Judge, I agree to pay Mr. Bowes a sum equivalent to one-quarter (i.e., 25%) of all past due benefits at the time of the award as compensation for his legal services. I further understand that if attorney fees are awarded pursuant to the Equal Access to Justice Act, those fees will offset my fee obligations under this retainer agreement[.]

Bowes Decl. Ex. C. The 2020 Retainer Agreement also provided that, if no past benefits were recovered, Johnson would be under no obligation to pay for Bowes's legal services.

On March 27, 2020, plaintiff filed the instant action, and on January 29, 2021, he filed a motion for judgment on the pleadings, seeking reversal of the SSA's decision. (Dkt. 25.) On May 11, 2021, the Commissioner moved to remand the action to the SSA for further proceedings pursuant to sentence 4 of 42 U.S.C. § 405(g). (Dkt. 31.) In an Opinion and Order dated November 24, 2021, I granted plaintiff's motion in part, and granted the Commissioner's motion in full, thus remanding the case to the agency for further proceedings. (Dkt. 35.)[2]

### A. EAJA Fee Awards

In *Johnson I*, after remand, plaintiff sought EAJA fees, pursuant to 28 U.S.C. § 2412, "based on the expenditure of 11.6 hours of attorney time before the Court." Bowes Decl. ¶ 10 & Ex. B. As relevant here, EAJA provides:

> [A] court may award reasonable fees and expenses of attorneys, in addition to the costs . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(b). In a so-ordered stipulation dated August 19, 2016, attorney Bowes was awarded EAJA fees in the amount of $2,100. Stip. & Order, ECF No. 11, *Johnson I* (Aug. 19, 2016).

---

[2] The parties consented to my authority for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. 13.)

In this action, after remand, Johnson again sought EAJA fees. (Dkt. 37.) In a so-ordered stipulation dated May 2, 2022, attorney Bowes was awarded EAJA fees in the amount of $8,639.08 (Dkt. 41), bring his aggregate EAJA fee award to $10,73.08.

**B.     Motion for § 406(b) Fees**

After remand in this action, and after a further hearing before an Administrative Law Judge (ALJ), Bowes Decl. ¶ 21, the ALJ issued a Notice of Decision, dated April 22, 2022, finding that Johnson was disabled from March 2011 until December 2017, and entitled to benefits pursuant to his 2013 disability application. *Id*. ¶ 22.

On September 2, 2022, the SSA issued a Notice of Award, which informed plaintiff that he was due $129,589.00 in past benefits for the period of March 2011 through November 2017, and that the sum of $32,397.25 (25%) was being withheld from the award to cover a possible attorney's fee request. Bowes Decl. ¶¶ 23-24 & Ex. E (Johnson Notice of Award). Attorney Bowes received the Notice of Award on September 6, 2022. *Id*. ¶ 25.

On September 16, 2022, plaintiff filed his initial fee motion, seeking an award of $32,397.25 pursuant to 42 U.S.C. § 406(b), but asking that the Court "direct payment of net fee of $21,658.17 (i.e., $32,397.25 - $10,739.08)." Initial Fee Mot. at 1-2.

As relevant here, § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

4

The Initial Fee Motion was supported by the Bowes Declaration, which attached copies of the 2015 Retainer Agreement, *see* Bowes Decl. Ex. A; attorney Bowes's time records for his work on *Johnson I*, see *id*. Ex. B; the 2020 Retainer Agreement, *see id*. Ex. C; attorney Bowes's time records for his work on the instant action, *see id*. Ex. D; and the Notice of Award dated September 2, 2022. *See id*. Ex. E.

On September 23, 2022, the Commission filed a response to the Initial Fee Motion, explaining that she "has no direct financial stake" in the outcome of the motion but instead "plays a part in the fee determination resembling that of a trustee for the claimants." Def. Resp. (Dkt. 45), at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commission then argued that "this Court must award the full Section 406(b) fee and Plaintiff's counsel must be directed, as the statute requires, to refund the lesser of the two attorney's fees to Plaintiff." Def. Resp. at 2. The Commissioner did not object to the amount sought by plaintiff under § 406(b), but asked this Court to reject his "net award" request. *Id.* at 4.

On September 27, 2022, I directed plaintiff to file a reply "advising the Court whether plaintiff wishes to revise his motion to request a Section 406(b) award of $32,329.75 to his counsel, upon receipt of which counsel will refund the $10,739.08 to plaintiff." (Dkt. 46.) In his reply, filed on October 3, 2022, plaintiff reiterated his request for a "net" fee award. Pl. Reply (Dkt. 47) at 1. According to plaintiff, "there is no statutory rule and no precedent on this particular aspect of the interaction of section 406(b) fees and EAJA fees that makes a net 406(b) fee 'impermissible.'" *Id.* at 3. Plaintiff added that "the Commissioner's approach arguably defeats the anti-attachment protections of the Social Security Act," because if the Court directs the payment of a "net" fee, Johnson would be able to "credibly demonstrate to creditors . . . that Social Security payments made to his account flow directly from the United States Treasury and are exempt from attachment

5

and legal process under 42 U.S.C. § 407," but that Johnson could not "do the same with a check from his attorney refunding attorney fees to him." Pl. Reply at 5.

  **C.**  **Supplemental Motion for § 406(b) Fees**

On November 12, 2022, before the Court acted on the Initial Fee Motion, the SSA issued two additional Notices of Award, one for each of Johnson's auxiliary beneficiaries (his two children). *See* Supplemental Declaration of Christopher James Bowes (Suppl. Bowes Decl.) (Dkt. 49) ¶ 4. Attorney Bowes received these notices on November 15, 2022. *Id.* at ¶ 7. The Notice of Award for Child 1 stated that $4,227.00 (25%) was being withheld from Child 1's past due benefits to cover a possible attorney's fee request. Suppl. Bowes Decl. Ex. A (Child 1 Notice of Award).[3] The Notice of Award for Child 2 stated that $11,958.00 (25%) was being withheld from Child 2's past due benefits to cover a possible attorney's fee request. *Id*. Ex. B (Child 2 Notice of Award). Attorney Bowes received these Notices of Award on November 15, 2022. *Id*. ¶ 7. The combined total of the withheld past due benefits for Johnson's auxiliary beneficiaries is $16,185.00.

On November 29, 2022, plaintiff filed his supplemental fee motion, supported by the Supplemental Bowes Declaration, which attached copies of the two new Notices of Award. In addition to seeking an award of 25% of the past due benefits – in the aggregate amount of $48,582.25 – Johnson again requests that the Court direct the Commissioner to issue a "net" award, subtracting the $10,739.08 previously awarded in EAJA fees from the $48,582.25 requested under § 406(b), and sending the net sum of $37.841.17 to his counsel. Suppl. Fee Mot. at 1-2.

In response to the Supplemental Fee Motion, the Commissioner again raised her concern with plaintiff's request for a "net" award, arguing that attorney Bowes "is attempting to shift the task of refunding the lesser fee from himself to this Court and the Agency (who must implement

---

[3] The names of the minor children have been redacted. *See* Fed. R. Civ. P. 5.2(a)(3).

the 'net' award by awarding a portion of the withheld amount to Plaintiff and a portion to Counsel)." Def. Suppl. Resp. (Dkt. 51) at 3. Plaintiff filed no reply.

## II.    ANALYSIS

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made, *see Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019), and then reviews the request for reasonableness. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Factors to be considered include: (a) "whether the contingency percentage is within the 25% cap"; (b) "whether there has been fraud or overreaching in making the agreement"; and (c) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *see also Dupree v. Saul*, 2021 WL 308516, at *1 (S.D.N.Y. Jan. 29, 2021) (*citing Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017)). More recently, in *Gisbrecht*, the Court noted that a fee award may appropriately be reduced based on "the character of the representation and the results the representation achieved," or if the attorney "is responsible for delay." 535 U.S. at 808.

Whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services," fees under § 406(b) "are paid by the litigant to the attorney from the past due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). Where attorney fees are awarded under both § 406(b) and EAJA, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020) (quoting *Gisbrecht*, 535 U.S. at 796) (internal quotation marks and citation omitted). "Courts in this district *routinely and explicitly* mandate attorneys who obtain fee awards under both statutes to 'return the amount

of such EAJA award to plaintiff out of the payment received under Section 406(b).'" *Guzman v. Comm'r of Soc. Sec.*, 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting *Jackson v. Astrue*, 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011), and collecting cases) (emphasis added), *report and recommendation adopted*, 2019 WL 4933596, at *1 (S.D.N.Y. Oct. 7, 2019).

### A. Timeliness

Fed. R. Civ. P. 54(d)(2)(B), which requires that fee applications be filed within 14 days after entry of judgment, "provides the applicable limitations period for filing § 406(b) motions." *Sinkler*, 932 F.3d at 87-88. However, the running of the 14-day period is tolled until "counsel receives notice of the benefits award." *Id*. at 88. Where, as here, more than one award of past due benefits is made, "the timeliness of each application is measured from the receipt of notice of the award to which it relates." *Gondola v. Kijakazi*, 2022 WL 4227966, at *5 (S.D.N.Y. July 22, 2022), *report and recommendation adopted sub nom. Gondola v. Berryhill*, 2022 WL 3334695 (S.D.N.Y. Aug. 12, 2022); *see also Newlin v. Kijakazi*, 2022 WL 950981, at *1 (S.D.N.Y. Mar. 30, 2022) (granting plaintiff's first motion for fees, made with respect to an award of past due benefits to plaintiff on May 5, 2021, and his second motion for fees, made with respect to auxiliary awards of past due benefits to plaintiff's dependents on June 27, 2021, but not sent to plaintiff until November 2, 2021). District courts may further enlarge the filing period "where circumstances warrant." *Sinkler*, 932 F.3d at 89 (*citing Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).

Here, the SSA issued the Johnson Notice of Award on September 2, 2022. Counsel received that notice on September 6, and then filed the Initial Fee Motion ten days later, on September 16, 2022. Both the Child 1 Notice of Award and the Child 2 Notice of Award were issued on November 12, 2022. Counsel received these on November 15, and filed the Supplemental Fee Motion fourteen days later, on November 29, 2022. Consequently, I find that both motions are timely.

**B.    Reasonableness**

The contingency percentage requested by plaintiff's counsel is within the 25% threshold set by statute. As the Commissioner acknowledges, there is no indication of fraud or overreach in the agreements reached by plaintiff and his counsel. *See* Def. Resp. at 3; Def. Suppl. Resp. at 5. The Court therefore will consider primarily whether an aggregate award of $48,582.25 "is so large as to be a windfall." *Wells*, 907 F.2d at 372.

Counsel's timesheets reflect that he spent 56.7 hours working on *Johnson I* and this action, Bowes Decl. Exs. B, D, which, when divided into the $48,582.25 sought, implies a *de facto* hourly rate of $856.83. Although such a rate would be "difficult to justify" in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a fee award on "windfall" grounds, our Circuit requires that the court consider:

(i)   the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)  "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii) "the satisfaction of the disabled claimant"; and

(iv)  "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-56.

Here, attorney Bowes is an experienced litigator who has represented claimants in over 1,000 civil actions. Bowes Decl. ¶ 37. In *Johnson I*, attorney Bowes digested a 370-page administrative record and secured a stipulation remanding the matter to the SSA without the need

9

for further motion practice. In the instant action, attorney Bowes digested a 950-page administrative record and engaged in robust motion practice to challenge the SSA's decision. (*See* Dkts. 14, 25, 35.) Attorney Bowes also draws the Court's attention to other cases in which he has been awarded fees within the range of – or above – the *de facto* hourly rate sought here. *See* Bowes Decl. ¶ 35. Consequently, the factor concerning the "ability and expertise of the lawyers" furnishes no basis for reducing his fee.

Attorney Bowes has represented plaintiff since December 2015, and renewed his representation in March 2020, after Judge Gardephe's remand of *Johnson I* to the Commissioner resulted in a second denial of benefits. Bowes Decl. ¶¶ 15-16. While the Court has not received (and does not expect) a testimonial from plaintiff Johnson, the fact that the attorney-client relationship continued for almost seven years, until Johnson and his children were awarded past due benefits in the aggregate amount of $194,329, indicates that neither the nature and length of the professional relationship, nor the satisfaction of the claimant, would raise grounds for reducing attorney Bowes's fee award.

Finally, with regard to the "uncertainty" factor, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."); *Nieves v. Colon*, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (payment is "inevitably uncertain, and any reasonable fee award must take account of that risk"). Here, attorney Bowes faced an uncertain outcome, but persisted in his representation, even after the SSA denied benefits to Johnson for a second time after the conclusion of *Johnson I*.

For these reasons, I conclude that the $48,582.25 now requested does not constitute a windfall to plaintiff's counsel, and I award to attorney Bowes a contingent fee of $48,582.25.

C. **Direction to Issue A "Net" Fee**

Plaintiff points out that some courts, including within this district, have opted to award "net fees," and argues that this Court should follow suit. Pl. Reply at 2-3. The cases he cites, however, are anomalies.[4] The Commissioner is correct to characterize the requested "netting" approach as "disfavored." Def. Suppl. Resp. at 3. Nor, of course, could discrete examples outweigh controlling authority and well-established precedent. *See Guzman*, 2019 WL 4935041, at *3 ("Fee awards may be made under both the EAJA and § 406(b), but *the claimant's attorney must refund to the claimant the amount of the smaller fee*.") (quoting *Gisbrecht*, 535 U.S. at 796) (emphasis added) (cleaned up).

Making what is essentially a policy argument, plaintiff posits that the net fee approach would be more beneficial to Johnson – in the event a creditor seeks to attach his assets – because if the $10,739.08 in question is paid to him directly from the SSA (rather than refunded to him by his attorney), he will be able to show the creditor that those dollars "flow[ed] directly from the United States Treasury and are exempt from attachment and legal process under 42 U.S.C. § 407." Pl. Reply at 4-5. The refund approach, by contrast, could "defeat[] the anti-attachment protections of the Social Security Act." *Id*. Though creative, this argument ignores the express statutory directive that, "where the claimant's attorney receives fees for the same work under both [§ 406(b)]

---

[4] The judge who decided *Almodovar v. Saul*, 2019 U.S. Dist. LEXIS 173941 (S.D.N.Y. Oct. 4, 2019), and *Lafrance v. Saul*, 2019 U.S. Dist. LEXIS 145812 (S.D.N.Y. Aug. 26, 2019), later abandoned the "net fee" approach and has regularly directed counsel to refund previously-awarded EAJA fees to their clients. *See, e.g.*, *Williams v. Saul*, 2022 U.S. Dist. LEXIS 180788, at *2 (S.D.N.Y. Oct. 3, 2022); *Pellicano v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 44038, *2 (S.D.N.Y. Mar. 9, 2021); *Phillip v. Comm'r of Soc. Sec.*, 2021 WL 681289, at *3 (S.D.N.Y. Feb. 22, 2021).

and [EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 186 (Aug. 5, 1985). Moreover, in this case, the smaller award – the $10,739.08 previously awarded pursuant to EAJA – does *not* represent any portion of the past due benefits found due to Johnson; rather, it is an award of fees, payable by the government from funds other than plaintiff's benefits award, to "a party prevailing against the United States in court." *Gisbrecht*, 535 U.S. at 796. I therefore deny plaintiff's request to direct payment of a "net" award in the amount of $37,841.17 to counsel, which would relieve counsel of the administrative inconvenience of refunding the amount previously awarded under EAJA to his client but is not consistent with the governing statutes or relevant precedent.

### III.   CONCLUSION

For the reasons set forth above, plaintiff's motions (Dkts. 42 and 48) are GRANTED IN PART. Plaintiff's counsel Christopher James Bowes, Esq., is hereby awarded the total sum of **$48,582.25** as attorney's fees, to be paid from the monies retained by the Commissioner for that purpose. Counsel is directed to return to plaintiff the EAJA fees previously awarded, in the amount of $10,739.08.

Dated: New York, New York
       December 15, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**